## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Richard and Patricia Martin,

|                     |                           |
|---------------------|---------------------------|
| Plaintiffs,         | Civ. No. 10-3594 (RHK/FLN) |
| v.                  | **ORDER**                 |

State Farm Fire and Casualty Company,
                                    Defendant.

---

This matter is before the Court *sua sponte*.

This action arises out of a fire at the home of Plaintiffs Richard and Patricia Martin (the "Martins") on August 21, 2008. The Martins filed a claim with their insurer, Defendant State Farm Fire and Casualty Company ("State Farm"), which denied it. Seeking to recover the proceeds of their insurance policy, the Martins then commenced the instant action, invoking diversity jurisdiction under 28 U.S.C. § 1332.

State Farm has now filed a Motion for Summary Judgment in which it argues, *inter alia*, that the Court lacks diversity jurisdiction over this action because the $75,000 amount-in-controversy requirement has not been satisfied. (See Doc. Nos. 45, 47.) At first blush, it appeared that the amount in controversy well exceeded $75,000, as the Martins' home was nearly a total loss and most of the contents therein were destroyed in the fire. Yet, the evidence adduced during discovery discloses that the Martins do not (and cannot) seek to recover under the "building" portion of their insurance policy, as their home has been foreclosed upon by their lender. Moreover, written discovery and Richard Martin's deposition testimony reveal that the amount the Martins seek to recover

under the "contents" portion of their policy totals slightly less than $72,000.  Hence, it is

now far from clear that the $75,000 jurisdictional threshold has been satisfied in this

case.[1]

Before undertaking review of State Farm's summary-judgment Motion, the Court

must satisfy itself that diversity jurisdiction exists in this case.  See, e.g., Hart v. United

States, 630 F.3d 1085, 1089 (8th Cir. 2011).  As the parties invoking jurisdiction, the

Martins bear the burden of establishing its existence.  E.g., Knudson v. Sys. Painters,

Inc., 634 F.3d 968, 975 (8th Cir. 2011).  For the reasons set forth above, at this juncture it

is unclear whether the Martins have discharged their burden.  Accordingly, the Court

concludes that the parties should brief the issue of jurisdiction, specifically whether the

amount-in-controversy requirement has been satisfied, before it addresses the remaining

portions of the summary-judgment Motion.  See, e.g., Carlson v. Arrowhead Concrete

---

[1] This is not to suggest that the Court enjoyed diversity jurisdiction when this action was filed
but subsequently lost it through the parties' conduct.  It has long been recognized that events
occurring after a lawsuit has been filed "do not oust jurisdiction" once it has attached.  St. Paul
Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1938); accord, e.g., Schubert v. Auto
Owners Ins. Co., 649 F.3d 817, 2011 WL 3518174, at *4 (8th Cir. 2011) ("Neither the existence
of a valid defense nor subsequent events reducing the amount in controversy divest the court of
jurisdiction.").  Rather, the question is whether the amount in controversy was ever satisfied here
– that is, from the outset, did it appear to a "legal certainty" that the Martins claims were for less
than $75,000?  E.g., Schubert, 2011 WL 3518174, at *3.  In this sense, their discovery responses
explain the scope of their claims and "clarify[] [their] original pleading."  Ingram v. Procter &
Gamble Paper Prods. Co., No. 4:11-CV-549, 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011);
see also Schubert, 2011 WL 3518174, at *4 ("Subsequent events may . . . be relevant to prove
the existence or nonexistence of diversity jurisdiction at the time of filing, and a distinction must
be made . . . between subsequent events that change the amount in controversy and subsequent
revelations that, in fact, the required amount was or was not in controversy at the commencement
of the action. . . . [R]esort to materials developed in discovery is allowed . . . to amplify the
meaning of the complaint['s] allegations.") (internal quotation marks and citations omitted).

Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments.").

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

1.     On or before October 25, 2011, the Martins shall serve and file a memorandum, not exceeding 10 pages, addressing the existence of diversity jurisdiction in this matter;

2.     On or before November 7, 2011, State Farm shall serve and file a memorandum, not exceeding 10 pages, responding to the Martins' memorandum;

3.     No further submissions on the jurisdictional issue shall be permitted absent further Order of the Court;

4.     Further briefing on the remaining issues in State Farm's Motion for Summary Judgment is **STAYED** pending further Order of the Court; and

5.     The hearing on State Farm's Motion for Summary Judgment, currently scheduled for November 21, 2011, is **CONTINUED** *sine die*, and will be rescheduled following the Court's resolution of the jurisdictional issue.


Date:  October 12, 2011                                  s/Richard H. Kyle
                                                         RICHARD H. KYLE
                                                         United States District Judge