UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Richard and Patricia Martin,

                        Plaintiffs,         Civ. No. 10-3594 (RHK/FLN)

v.                                   **MEMORANDUM OPINION
AND ORDER**

State Farm Fire and Casualty Company,

                        Defendant.

---

Brendan R. Tupa, Udoibok, Davis & Tupa, PLLP, Minneapolis, Minnesota, for Plaintiffs.

Tony R. Krall, Bjork T. Hill, Hanson Lulic & Krall, LLC, Minneapolis, Minnesota, for Defendant.

---

      This matter is before the Court *sua sponte*.

      This action arises out of a fire at the home of Plaintiffs Richard and Patricia Martin on August 21, 2008. The Martins filed a claim with their insurer, Defendant State Farm Fire and Casualty Company ("State Farm"), which denied it. Seeking to recover the proceeds of their policy, the Martins commenced the instant action on August 17, 2010, invoking diversity jurisdiction. They asserted claims for breach of contract and unjust enrichment and sought unspecified damages "in excess of" $75,000, plus costs, attorneys' fees, and statutory interest under Minnesota Statutes § 60A.0811. The

Complaint also sought leave "to add additional claims that could not be brought initially," such as "those provided by Minn. Stat. § 604.18."[1]

The parties proceeded with discovery and, on January 28, 2011, the Martins moved for leave to amend their Complaint to assert a bad-faith-denial claim. After full briefing, Magistrate Judge Noel denied that Motion on March 31, 2011, finding that the Martins had "fail[ed] to establish a prima facie showing that [State Farm] lacked a reasonable basis for denying the benefits of the insurance policy." (Doc. No. 26 at 1.) The Martins did not object to that ruling.

On October 6, 2011, with discovery complete, State Farm filed a Motion for Summary Judgment, arguing *inter alia* that the Court lacks diversity jurisdiction over this action because the $75,000 amount-in-controversy requirement has not been satisfied. (See Doc. Nos. 45, 47.) In accordance with the well-settled principle that it is inappropriate to "reach a merits question when there is no Article III jurisdiction ," Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 97 n.2 (1998), the Court directed the parties to brief the jurisdictional issue and stayed the remainder of the summary-judgment Motion. (See Doc. No. 49.) The parties complied with that directive and, having now reviewed their submissions, the Court agrees with State Farm that the amount-in-controversy requirement has not been satisfied here.

---

[1] Section 604.18 permits an insured to recover certain costs when he can show that his claim was denied in bad faith, that is, when the insurer knew it lacked "a reasonable basis for denying [it]." Minn. Stat. § 604.18, subd. 2(a). A claim seeking such statutory costs may not be included in the insured's complaint; rather, "[a]fter filing the suit, [the insured] may make a motion to amend the pleadings to claim recovery of taxable costs under this section." Id. subd. 4. In this sense, relief under Section 604.18 is similar to a claim for punitive damages under Minnesota law, which also requires leave of court before being asserted. See Friedberg v. Chubb & Son, Inc., __ F. Supp. 2d __, 2011 WL 3347850, at *3 (D. Minn. May 26, 2011) (Keyes, M.J.).

The Martins, as the parties invoking the Court's jurisdiction, bear the burden of establishing diversity jurisdiction. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 347 (8th Cir. 2007). Diversity jurisdiction exists when the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). It is undisputed that the parties here are citizens of different states and, accordingly, only the amount in controversy is at issue.

To determine the amount in controversy, the Court must look to the claims asserted in the Complaint (breach of contract and unjust enrichment) and assess what damages the Martins could potentially recover on those claims. See, e.g., Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005).[2] While the Complaint alleges that the Martins are entitled to recover more than $75,000 without further specifying the nature of their damages, "[g]enerally speaking, a complaint that alleges the jurisdictional amount in good faith will be sufficient to confer jurisdiction." OnePoint, 486 F.3d at 348 (quoting Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994)).

But where, as here, "the defendant challenges the plaintiff's allegations of the amount in controversy, . . . the plaintiff must establish jurisdiction by a preponderance of the evidence." Kopp v. Kopp, 280 F.3d 883, 884-85 (8th Cir. 2002) (citation omitted);

---

[2] The Martins argue that they seek "additional damages for tortuous [*sic*] interference with contract" (Doc. No. 50 at 2), although they recognize no such claim is in the Complaint (id. at 2 n.1). Unasserted claims cannot be considered when determining the amount in controversy, see, e.g., James Neff Kramper Family P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005) (focus is on "the claims originally asserted"); Unitrin Auto & Home Ins. Co. v. Bastida, No. 3:09-cr-00217, 2009 WL 3591190, at *2 (W.D.N.C. Oct. 26, 2009), particularly where, as here, the deadline for amending the pleadings has long since passed. In any event, the Martins have nowhere explained how their damages would differ if they were permitted to add a tortious-interference claim.

accord, e.g., James Neff Kramper Family P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005); State of Mo. *ex rel.* Pemiscot Cnty., Mo. v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995) ("[T]he plaintiff's allegations of requisite jurisdictional amount are not necessarily dispositive of the issue."). Stated differently, "[o]nce jurisdiction is challenged, 'if, from the proofs, the court is satisfied to a [legal] certainty that the plaintiff never was entitled to recover that amount, . . . the suit will be dismissed.'" Pemiscot Cnty., 51 F.3d at 173 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). The term "proofs," as used in St. Paul Mercury, means "summary-judgment-type evidence." Allen v. R&H Oil & Gas. Co., 63 F.3d 1326, 1336 (5th Cir. 1995); accord, e.g., Pemiscot Cnty., 51 F.3d at 173-74 ("we must determine whether the summary judgment *proofs* establish to a legal certainty that the County did not have a valid claim" in excess of the jurisdictional minimum) (emphasis in original). At bottom, the question is whether the plaintiff's evidence shows to a "legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury, 303 U.S. at 289; accord, e.g., Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC, 620 F.3d 926, 931 (8th Cir. 2010); James Neff Kramper, 393 F.3d at 831 (once jurisdiction was challenged, "[t]he burden thereafter fell upon . . . the party invoking federal jurisdiction[] to show by a preponderance of the evidence the claims originally asserted . . . could, that is might, legally satisfy the amount in controversy requirement").

Here, the Martins assert they are entitled to damages for all personal property destroyed or damaged in the fire (Doc. No. 50 at 1), and the Court agrees this is the

appropriate measure of damages for the claims asserted in the Complaint.[3] The dispositive question, therefore, is whether the Martins have proffered sufficient "proofs" to permit a "fact finder [to] legally conclude" that their personal-property damages exceed $75,000. Kopp, 280 F.3d at 885. In the Court's view, the answer to that question is, "No."

Notably, the Martins have proffered little evidence to support their assertion that their damages exceed the jurisdictional minimum. While they argue that they "have always *maintained* that they have claims for damages in excess of $75,000" (Doc. No. 50 at 1 (emphasis added)), they cannot rely on mere allegations or beliefs at this juncture. Pemiscot Cnty., 51 F.3d at 173-74. The issue, rather, is one of *proof*; they must submit *evidence* that would permit a jury to conclude they have suffered sufficient damages. James Neff Kramper, 393 F.3d at 833 ("A mere allegation made at the beginning of the

---

[3] The Complaint also seeks attorneys' fees, costs, and statutory interest. Yet, neither costs nor statutory interest may be considered, as 28 U.S.C. § 1332(a) expressly states that the amount in controversy must exceed $75,000 "*exclusive* of interest and costs." (emphasis added). (Some courts, nevertheless, have included statutory interest in the amount in controversy. See, e.g., Watson v. Provident Life & Accident Ins. Co., No. 3:08-CV-2065, 2009 WL 1437823, at *4-5 (N.D. Tex. May 22, 2009). This Court declines to do so in light of the express text of Section 1332. Accord Home Buyers Warranty Corp. v. Leighty, No. CV 07-177, 2007 WL 4616687, at *7 (D. Ariz. Dec. 28, 2007).) Nor may attorneys' fees be considered. While such fees are part of the amount in controversy when an award thereof would be permitted by statute, Rasmussen, 410 F.3d at 1031, here fees would be permitted only under the bad-faith-denial statute (Minn. Stat. § 604.18). Yet, Magistrate Judge Noel denied the Martins' request to add a claim under that statute because they failed to make even a *prima facie* showing that State Farm denied their claim in bad faith, and the Martins did not object to that determination. Moreover, as discussed above, bad-faith claims are treated like punitive-damage claims under Minnesota law. And although punitive damages *may* be considered as part of the amount in controversy, such claims must be "closely scrutinized" and excluded when the facts do not support an award thereof. Larkin, 41 F.3d at 388-89. That is precisely the case here, as Magistrate Judge Noel has already determined (without challenge). See Rasmussen, 410 F.3d at 1031. Simply put, the Court does not believe the Martins ever had a viable bad-faith claim.

action is insufficient when, after extensive discovery, the amount in controversy is challenged."); Kopp, 280 F.3d at 885. And yet, they have proffered only two items in an attempt to satisfy their burden, neither of which is availing.

First, the Martins have each submitted an Affidavit "estimat[ing] that the value of [the] personal property items lost in the fire and unpaid for by State Farm exceed[s] $100,000." (Doc. No. 52 Ex. C, ¶ 8; Id. Ex. D, ¶ 5.) Putting aside whether "estimates" are sufficient to discharge their burden at this stage, the Court need not – and will not – rely on these assertions, because they contradict answers the Martins previously provided in discovery. In particular, they itemized their alleged damages in their Rule 26(a) disclosures, attaching a 24-page document listing 715 items supposedly lost or damaged in the fire, along with each item's value. (See Doc. No. 48 Ex. E.) The total value of those items, however, was only $71,643.27 (id.),[4] a calculation the Martins subsequently reaffirmed in their answers to State Farm's interrogatories. (Doc. No. 55 Ex. A.) The Court will not permit them to now rely on self-serving, contradictory Affidavits in an attempt to justify jurisdiction. See Frevert v. Ford Motor Co., 614 F.3d 466, 474 (8th Cir. 2010) (affidavit contradicting prior response to interrogatories is "self-serving" and need not be considered); OnePoint, 486 F.3d at 349 ("[T]he existence of the required amount in controversy . . . must . . . be supported by *competent* proof.") (emphasis added); see also Larkin, 41 F.3d at 389 ("In determining the amount in controversy . . ., answers to

---

[4] The itemization also included $6,271.05 for "restoration/drycleaning," yet Richard Martin testified in his deposition that this had already been paid by State Farm and was not, in fact, being claimed as damages. (Doc. No. 48 Ex. B at 280-81.) Accordingly, it is not part of the amount in controversy. Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 821-22 (8th Cir. 2011).

interrogatories serve as the equivalent of affidavits to either support or defeat diversity jurisdiction.").[5]

Second, the Martins point to the Sworn Statement in Proof of Loss they filed with State Farm in September 2009. (Doc. No. 52 Ex. B.) Yet, that statement does not disclose any dollar amount for their claimed losses. In fact, in the space provided for the Martins to list the value of their damaged property, they simply wrote "per insurance allowance." This tells the Court absolutely nothing about the damages the Martins allegedly have sustained.

To be sure, the Martins assert that they have been unable to prepare a full inventory of the items damaged or destroyed in the fire. (Doc. No. 50 at 3-4.) That assertion, of course, flies in the face of the detailed and specific itemization – on 24 pages and over 700 lines – of the items ostensibly damaged in the fire. But regardless, the Martins would be unable to recover at trial based on a "best guess" as to how much damage they sustained. See, e.g., US Salt, Inc. v. Broken Arrow, Inc., Civ. No. 07-1988,

---

[5] This is not to suggest that the Court enjoyed diversity jurisdiction when this action was filed but subsequently lost it via the Martins' discovery responses. It has long been recognized that events occurring after a lawsuit has been filed "do not oust jurisdiction" once it has attached. St. Paul Mercury, 303 U.S. at 290; accord, e.g., Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822-23 (8th Cir. 2011). The question is whether the amount in controversy *ever* was satisfied, and although the referenced discovery materials were created after this action was filed, they are properly considered when answering that question. Schubert, 649 F.3d at 823 ("Subsequent events may . . . be relevant to prove the existence or nonexistence of diversity jurisdiction at the time of filing, and a distinction must be made . . . between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action. . . . *[R]esort to materials developed in discovery is allowed . . . to amplify the meaning of the complaint['s] allegations*.") (emphasis added) (internal quotation marks and citations omitted); Kopp, 280 F.3d at 885 (court assesses whether jurisdiction existed at time lawsuit was filed "based on the information known to the court at the time jurisdiction [is] challenged").

2008 WL 2277602, at *1 (D. Minn. May 30, 2008) (Kyle, J.) ("Damages that are remote, speculative, or conjectural are not recoverable as a matter of law."), aff'd, 563 F.3d 687 (8th Cir. 2009). While the Martins were not required to prove with mathematical certainty that their damages exceed $75,000, Kopp, 280 F.3d at 885, they *were* required to show a sufficient amount in controversy based on what a fact finder could actually award *under the evidence*, id., and no damages can be recovered for "speculation or guess work," Grp. Health Plan, Inc. v. Philip Morris USA, Inc., 344 F.3d 753, 757 (8th Cir. 2003). Simply put, the only "*competent* proof" the Martins have submitted regarding their alleged damages indicates that such damages fall below $75,000. OnePoint, 486 F.3d at 349 (emphasis added).

To reiterate, it was the Martins' obligation to *prove* the existence of diversity jurisdiction by proffering *evidence* that would permit a fact finder to conclude the damages they suffered exceed $75,000. In an attempt to discharge that burden, they have pointed to two meager pieces of evidence, neither of which is sufficient. Hence, "even assuming [the Martins] can prove [their] claim[s], a fact finder could not legally award damages [exceeding] $75,000 . . . because there is simply no competent evidence the damages were . . . more than" that amount. James Neff Kramper, 393 F.3d at 833. The amount-in-controversy requirement, therefore, has not been satisfied. And where, as here, a court concludes that the plaintiff has failed to establish the existence of diversity jurisdiction, the action must be dismissed without prejudice. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the Martins' Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Date:  November 21, 2011                                  s/Richard H. Kyle
                                                          RICHARD H. KYLE
                                                          United States District Judge